**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CARMONA-ROJAS, | No. 20-70270 |
| Petitioner, | Agency No. A098-761-930 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 28, 2023**
Seattle, Washington

Before: NGUYEN and HURWITZ, Circuit Judges, and GUTIERREZ,*** Chief
District Judge.

Juan Carmona-Rojas, a native and citizen of Mexico, petitions for review of

a decision by the Board of Immigration Appeals ("BIA") denying his motion to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Philip S. Gutierrez, Chief United States District Judge
for the Central District of California, sitting by designation.

reconsider, reopen, terminate, or remand.[1] We have jurisdiction under 8 U.S.C.

§ 1252. Reviewing for abuse of discretion, *Mohammed v. Gonzales*, 400 F.3d 785,

791 (9th Cir. 2005); *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020), we

deny the petition for review.

1.      Carmona argues that the BIA should have reconsidered his case and

terminated proceedings against him because his notice to appear, which lacked the

date and time for his initial hearing, deprived the immigration court of jurisdiction.

Intervening caselaw forecloses this argument. *See United States v. Bastide-*

*Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) ("[T]he failure of an NTA to

include time and date information does not deprive the immigration court of

subject matter jurisdiction.").

2.      Carmona contends that the BIA erred in rejecting his motion to reopen

for failure to attach a new application for cancellation of removal.  We need not

address this argument because the BIA did not abuse its discretion in denying the

motion on the alternative ground that Carmona did not make a prima facie showing

that his qualifying relatives would suffer exceptional and extremely unusual

hardship from his removal.  The motion to reopen did not proffer new facts

regarding hardship, nor was it accompanied by affidavits or other evidentiary

material demonstrating hardship to Carmona's children.  *See* 8 U.S.C.

_____

[1] Carmona does not seek review of the BIA's denial of stay of removal.

§ 1229a(c)(7)(B). Indeed, neither Carmona's original cancellation application nor his motion to reopen identify any specific hardship his U.S.-citizen children would face upon his return to Mexico.

3.    Carmona challenges the BIA's decision not to exercise its sua sponte power to reopen. We lack jurisdiction over this challenge because Carmona identifies no legal or constitutional error underlying the BIA's denial of sua sponte reopening. *See Lona v. Barr*, 958 F.3d 1225, 1237–38 (9th Cir. 2020).

**PETITION DENIED.**